LAW OFFICE OF
**REX C. ANDERSON, P.C.**
Suite B111 – 471
15029 N. Thompson Peak Parkway
Scottsdale, Arizona 85260-2223
Rex C. Anderson, Bar #13137
Telephone (888) 675-7809
Facsimile (602) 296-0462
E-Mail Mail@RcaLaw-AZ.com
Attorney for National Bank of Arizona
File # 08-1959

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br>MICHAEL HAMILTON AND DIVERA HAMILTON,<br>        Debtors. | Case # 2:08-BK-00531-RTBP<br><br>Chapter 11 Proceedings<br><br>**OBJECTION TO DEBTORS' FOURTH AMENDED PLAN** |

Secured Creditor, National Bank of Arizona, ("NBA"), through undersigned counsel, hereby objects to the confirmation of the Fourth Amended Chapter 11 Plan filed by the Debtors for the reason that it: (1) undervalues the collateral that secures the five NBA claims; (2) it fails to provide adequate rate of interest on secured claims held by NBA; (3) it is proposed in bad faith by the Debtors; (4) the plan is not feasible; and (5) is not fair and equitable under the circumstances.

**Background Facts**

NBA is the holder of five separate notes given by either Michael Hamilton or Divera Hamilton, with each loan secured by a separate deed of trust against five separate parcels of real property in an area the Debtor labels Angel Valley. Each loan was funded as a short-term (3-year) loan secured by raw land. Each of the five loans is in default for non-payment by the Debtors and non-judicial foreclosure proceedings were begun pre-petition on four of the properties. The trustee's sales on the four parcels have been continued from time to time for the duration of this present bankruptcy case and are all next scheduled for April 6, 2010.

**Objection to Proposed Plan Terms**

The Debtors have classified the NBA claims as Class 3, and further into five subclasses.

**Class 3A**: The Debtors' Class 3A consists of the secured claim of a loan with an unpaid principal balance of $316,168.81, secured by a lien against that certain real property identified by the Yavapai County Assessor's tax parcel number 407-25-009A, consisting of approximately 2.00 acres. Foreclosure proceedings have not begun yet against this parcel. The total balance due on this loan as of this date is approximately $393,500.00, ; Debtors value the subject parcel at $459,500. On these figures, NBA holds a secured claim for the full amount of the debt on this loan.

Debtors' proposed payment of this secured claim does not provide an adequate rate of interest on this secured claim.

**Class 3B:** The Debtors' Class 3B consists of the secured claim of a loan with an unpaid principal balance of $359,519.67, secured by a lien against that certain real property identified by the Yavapai County Assessor's tax parcel number 407-25-007H, consisting of approximately 2.00 acres. Foreclosure proceedings began pre-petition against this parcel. Debtors value the subject parcel at $235,000. NBA objects to the proposed valuation by the Debtors. NBA obtained an MAI appraisal in February 2009 of each of the five parcels that secure its loans and claims in this case. According to the NBA appraiser, the appraised value for tax parcel number 407-25-007H was $470,000.00. On these figures, NBA holds a secured claim for the full amount of the debt on this loan.

Debtors' proposed payment of this secured claim understates the value of the subject collateral for this claim and does not provide an adequate rate of interest on this secured claim.

**Class 3C:** The Debtors' Class 3C consists of the secured claim of a loan with an unpaid principal balance of $359,519.67, secured by a lien against that certain real property identified by the Yavapai County Assessor's tax parcel number 407-25-010, consisting of

approximately 2.00 acres. Foreclosure proceedings began pre-petition against this parcel. Debtors value the subject parcel at $200,000. NBA objects to the proposed valuation by the Debtors. NBA obtained an MAI appraisal in February 2009 of each of the five parcels that secure its loans and claims in this case. According to the NBA appraiser, the appraised value for tax parcel number 407-25-010 was $400,000.00. On these figures, NBA holds a secured claim for the full amount of the debt on this loan.

Debtors' proposed payment of this secured claim understates the value of the subject collateral for this claim and does not provide an adequate rate of interest on this secured claim.

**Class 3D:** The Debtors' Class 3D consists of the secured claim of a loan with an unpaid principal balance of $318,835.18, secured by a lien against that certain real property identified by the Yavapai County Assessor's tax parcel number 407-25-010H, consisting of approximately 10.00 acres. Foreclosure proceedings began pre-petition against this parcel. Debtors value the subject parcel at $318,000. NBA objects to the proposed valuation by the Debtors. NBA obtained an MAI appraisal in February 2009 of each of the five parcels that secure its loans and claims in this case. According to the NBA appraiser, the appraised value for tax parcel number 407-25-010H was $2,105,000. On these figures, NBA holds a secured claim for the full amount of the debt on this loan.

Debtors' proposed payment of this secured claim understates the value of the subject collateral for this claim and does not provide an adequate rate of interest on this secured claim.

**Class 3E:** The Debtors' Class 3B consists of the secured claim of a loan with an unpaid principal balance of $359,519.67, secured by a lien against that certain real property identified by the Yavapai County Assessor's tax parcel number 407-25-010D, consisting of approximately 2.00 acres. Foreclosure proceedings began pre-petition against this parcel. Debtors value the subject parcel at $200,000. NBA objects to the proposed valuation by the Debtors. NBA obtained an MAI appraisal in February 2009 of each of the five parcels that

secure its loans and claims in this case. According to the NBA appraiser, the appraised value for tax parcel number 407-25-010D was $400,000.00. On these figures, NBA holds a secured claim for the full amount of the debt on this loan.

Debtors' proposed payment of this secured claim understates the value of the subject collateral for this claim and does not provide an adequate rate of interest on this secured claim.

**Objection to Proposed Interest Rate and Terms**: Debtors have proposed a below-market interest rate of interest to be paid on secured claims. NBA objects to the interest rate and change in terms. The proposed interest rates fail to provide NBA fail to provide NBA with the present value of its claims, based upon the formula approach adopted by Till v. SCS Credit Corporation, 541 U.S. 465, 124, S.Ct. 1951 (2004).

The NBA notes signed by these Debtors had final balloon payments due between June 2009 and December 2009, with the Note for Claim 3A due in full in November 2013. Each of these loans were funded on a short-term basis (between three and seven year terms) based upon sound business practices for loaning money secured by raw land. NBA objects to the proposed conversion of these loans to repayment on a 30-year amortized schedule, which may be appropriate terms for residential property, but not raw land.

Further, Debtors propose less-than market rate of interest to be paid on the loans, terms that not even borrowers with the best credit can obtain at present. The proposed conversion of these loans to two years of under-market interest only loans, followed by thirty years of amortized payments at a below-market interest rate is not fair and equitable under these circumstances.

NBA objects to the delay in setting an Initial Payment Date to be the first of the month, following 30 days following the confirmation of the plan. Debtors provide no justification or reason for this delay of between 30 and up to 60 days following the plan confirmation.

**Bad Faith by the Debtors:** As this court is aware, Debtors have been personally responsible for subdividing the Angel Valley property into more than five separate parcels all without filing Property Report (Subdivision Plan) with the Department of Real Estate. Thus none of the individual parcels may be sold as contemplated by the Plan. Having failed to do so, the property is now an illegally divided subdivision. Three[1] of the parcels securing three NBA loans have no right of access. Physical access to these three parcels is also only available by crossing Oak Creek, which has no bridge. Debtors have no present ability or stated intent to correct the defect they caused in creating an illegal subdivision, nor do they have any present ability to provide physical access to three of the parcels they propose to sell to third parties.

**The Plan Lacks Feasibility**: The Debtors sole source of income is the separate non-profit entity that operates (at a loss) a ministry at the subject property. This arrangement is insufficient to meet the feasibility requirements. The Debtors lack sufficient income to fund this plan.

**Conclusion**

The Debtors' plan: (1) fails to satisfy Bankruptcy Code section 1129(a)(3) by being proposed in bad faith; (2) fails to satisfy Bankruptcy Code section 1129(a)(7) because the proposed liquidation value of the properties would provide NBA with more than is proposed under the Plan; (3) fails to satisfy Bankruptcy Code section 1129(a)(11) by being not being feasible; and (4) fails to satisfy Bankruptcy Code section 1129(b)(2)(A) because the proposed valuation by the Debtor is less than the true value of the collateral, and (5) fails to satisfy the Bankruptcy Code section 1129(b)(1) revising the terms of the NBA loans in a manner that is not fair and equitable under these circumstances. For these reasons, NBA requests that confirmation of the Fourth Amended Plan be denied and the case dismissed.

Dated March 1, 2010.

/s/ RCA 13137
Rex C. Anderson
Attorney for National Bank of Arizona

---

[1] Class 3C, 3D, and 3E.

Filed with US Bankruptcy Court via CM/ECF, and a copy mailed to:

United States Trustee
230 N. First Ave., Suite 204,
Phoenix AZ 85003-1706

Pernell W. McGuire, Esq.
McGuire Gardner PLLC
320 N. Leroux
Flagstaff AZ 86001
Attorney for Debtors

*** End of Mailing List ***